**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4332**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

EARL DWIGHT GREEN,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr., Chief
District Judge.  (1:07-cr-00153-JAB-1)

_____

Submitted:  September 16, 2008      Decided:  September 19, 2008

_____

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Michael A. DeFranco, Angela Hewlett Miller, Assistant
United States Attorneys, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Earl Dwight Green pled guilty, pursuant to a written plea agreement, to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and was sentenced to 180 months imprisonment.  Green's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but questioning whether the district court erred in sentencing Green.  Green has also filed a supplemental pro se brief. Finding no error, we affirm.

This court reviews the sentence imposed by the district court for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).  When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) treat the guidelines as advisory; (3) consider the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); and (4) explain its reasons for selecting a sentence.  Pauley, 511 F.3d at 473.  We presume that a sentence within the properly calculated sentencing guidelines range is reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence).  Here, the district

2

court followed the appropriate procedures in sentencing Green, and we find no abuse of discretion in its imposition of the 180-month sentence. We therefore find that Green's sentence is reasonable.

In his pro se supplemental brief, Green asserts that the district court erred in failing to apply Amendment 709 of the Sentencing Guidelines in determining his sentence. See U.S. Sentencing Guidelines Manual (USSG) App. C, Supp. 2007, amend. 709 (revising USSG § 4A1.2(a)(2), which controls whether prior convictions are "counted separately" under USSG § 4B1.2(c) and, in turn, whether a defendant is a "career offender"). We have reviewed Green's presentence report and find that the revised guideline would have no impact on his sentence, given the number of prior qualifying offenses.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Green's conviction and sentence. This court requires that counsel inform Green, in writing, of his right to petition the Supreme Court of the United States for further review. If Green requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Green. We dispense with oral argument because the facts and legal contentions

3

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED